UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTERFER MATOS-RIVERA<br>    Plaintiff | ) <br> ) <br> ) | CIVIL ACTION NO. |
| v. | ) <br> ) | TRIAL BY JURY DEMANDED |
| MOTORS GROUP, INC. D/B/A<br>BRUCE BENNETT NISSAN<br>AND CAPITAL ONE, N.A. D/B/A<br>CAPITAL ONE AUTO FINANCE<br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) | FEBRUARY 20, 2015 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by a consumer who purchased a previously wrecked motor vehicle with an altered odometer reading. Plaintiff claims against Motors Group, Inc., d/b/a Bruce Bennett Nissan ("Bruce Bennett Nissan") and Capital One, N.A. d/b/a Capital One Auto Finance ("COAF") claims are asserted under the Federal Odometer Act, 15 U.S.C. § 32701 *et seq.* (the "Odometer Act"), the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.,* Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* COAF is named as a defendant in its capacity as the assignee of the retail installment contract between Plaintiff and Bruce Bennett Nissan.

### II. PARTIES

2. Plaintiff, Christerfer Matos-Rivera, is a natural person residing in Danbury, Connecticut.

3. Bruce Bennett Nissan is a Connecticut corporation that operates a Nissan dealership in Wilton, Connecticut.

4. COAF is a national bank headquartered in Virginia that engages in the business of indirect automobile financing by accepting assignment of retail installment sales contracts for motor vehicle purchase from car dealerships such as Bruce Bennett Nissan.

### III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

6. This Court has jurisdiction over the defendants, because Bruce Bennett Nissan is located in Connecticut and because COAF regularly does business in this state.

7. Venue in this Court is proper because the transaction alleged herein occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. On or about February 28, 2013, Plaintiff purchased a 2008 Honda Accord (the "Vehicle") from Bruce Bennett Nissan for a cash price of $13,800.

9. The Vehicle was purchased by Plaintiff for personal, family, and household use.

10. The mileage reading on the Vehicle's odometer at the time of sale was approximately 28,997, which mileage reading was reflected on the invoice and the purchase order for the sale.

11. Bruce Bennett Nissan provided Plaintiffs with an Odometer Disclosure Statement indicating that the odometer reading was 28,997 miles and that, to the best of

Bruce Bennett Nissan's knowledge, the odometer reading reflected the Vehicle's actual mileage.

12. Prior to Plaintiff's purchase of the Vehicle, the odometer had been altered to reflect a lesser mileage than the Vehicle's actual mileage.

13. The Vehicle's true mileage at the time of sale is unknown.

14. Bruce Bennett Nissan did not disclose to Plaintiffs that the Vehicle's odometer had been altered and that the true mileage was unknown.

15. Bruce Bennett Nissan's false statements regarding the Vehicle's mileage and the accuracy of the odometer were fraudulent or were made recklessly. Specifically, Bruce Bennett Nissan possessed information that the Vehicle's odometer reading was not accurate, including a Carfax report.

16. Additionally, prior to the time of purchase, the Vehicle had been in an accident in which an airbag had deployed.

17. Bruce Bennett Nissan's sales representative told Plaintiff prior to the time of sale that the Vehicle had been in a minor "fender bender" that did not involve an airbag deployment.

18. The Vehicle purchase was financed by means of a retail installment sales contract between Plaintiff and Bruce Bennett Nissan, which contract was subsequently assigned by Bruce Bennett Nissan to COAF.

19. The retail installment sales contract includes the following clause:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL
CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE
SELLER OF GOODS OR SERVICES OBTAINED [PURSUANT HERETO
OR] WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR
SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

20. Plaintiff has made prior written demand for his claims upon Bruce Bennett Nissan within the meaning of Conn. Gen. Stat. § 52-572g.

## V.  CAUSES OF ACTION

**THE ODOMETER ACT**

21. Bruce Bennett Nissan has violated the Odometer Act with intent to defraud.

22. Bruce Bennett Nissan is liable to Plaintiff for triple his actual damages caused by the violation or $10,000, whichever is greater, plus attorney's fees.

**BREACHES OF EXPRESS WARRANTY**

23. Bruce Bennett Nissan's affirmation that the Vehicle had 28,997 miles constituted an express warranty under the UCC, which warranty has been breached.

24. Bruce Bennett Nissan's affirmation that the Vehicle's prior accident was a minor "fender bender" that did not involve an airbag deployment also constituted an express warranty under the UCC, which warranty has also been breached.

25. Plaintiff is entitled to damages caused by the breaches of warranty.

26. Bruce Bennett Nissan's breaches of express warranty were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained, and Plaintiff is also entitled to common law punitive damages in an amount that is estimated to exceed $50,000.

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

27. As a true mileage unknown vehicle, the Vehicle would not pass in trade without objection, and Bruce Bennett Nissan has breached the implied warranty of merchantability.

28. Plaintiff is entitled to damages caused by the breaches of the implied warranty of merchantability.

29. Plaintiff is further entitled to costs, including a reasonable attorney's fee, pursuant to MMWA.

30. Bruce Bennett Nissan's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained, and Plaintiff is entitled to common law punitive damages in an amount that is estimated to exceed $50,000.

**CUTPA**

31. Bruce Bennett Nissan has acted unfairly and deceptively in violation of CUTPA.

32. Additionally, Bruce Bennett Nissan's violations of statutes and regulations regarding the sale of motor vehicles constitute per se violations of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23).

33. Plaintiff has suffered an ascertainable loss of money and property as a consequence of Bruce Bennett Nissan's CUTPA violations, entitling him to damages.

34. Bruce Bennett Nissan's violations of CUTPA were willful in nature, in bad faith, wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained, entitling Plaintiff to punitive damages.

35. Additionally, Plaintiff seeks, as an equitable remedy, a rescission of the Contract.

**INTENTIONAL MISREPRESENTATION AND FRAUD**

36. Bruce Bennett Nissan has acted fraudulently by its misrepresentations regarding the Vehicle's odometer reading.

37. Bruce Bennett Nissan has acted fraudulently by its misrepresentations regarding the damage sustained in the prior accident.

38. Bruce Bennett Nissan is liable to Plaintiff for his damages and for common law punitive damages.

**NEGLIGENT MISREPRESENTATION**

39. Bruce Bennett Nissan has acted negligently by its misrepresentations regarding the Vehicle's odometer reading.

40. Bruce Bennett Nissan has acted negligently by its misrepresentations regarding the damage sustained in the prior accident.

41. Bruce Bennett Nissan is liable to Plaintiff for his damages.

**ASSIGNEE LIABILITY OF COAF**

42. COAF, as the assignee of the retail installment sales contract, is subject to the claims asserted against Bruce Bennett Nissan up to the amount that Plaintiff has paid under the retail installment sales contract plus the balance owed under that contract.

**Wherefore,** Plaintiff claims damages, treble damages or $10,000, whichever is more, plus attorney's fees and costs pursuant to 15 U.S.C. § 32710; actual damages, consequential damages, and common law punitive damages for breach of warranty claims; attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)(2); actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); attorney's fees pursuant to Conn. Gen. Stat. § 42-150bb; an order rescinding the contract and awarding Plaintiff a refund of all amounts paid thereunder; and such other relief to which Plaintiff is, at law, or in equity and by statute entitled to against Bruce Bennett Nissan or COAF.

PLAINTIFF CHRISTERFER MATOS-RIVERA

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457